UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re: | Civil Action No. 14-2601 (JAP) |
| MICHAEL AKSMAN<br>MARIA AKSMAN | (Appeal from Bankruptcy Case No. 13-32809-CMG)<br><br>**OPINION** |

PISANO, District Judge.

Creditor Sergey Ishin, proceeding *pro se*, appeals from the following orders of the bankruptcy court: a March 4, 2014 order denying his motion for an extension of time to object to discharge; the March 7, 2014 discharge order; and the March 7, 2014 final decree; and a denial on the record of March 18, 2014 of a motion seeking an examination of Debtor's conduct. For the reasons below, the orders of the bankruptcy court are affirmed.

I. BACKGROUND

The underlying Chapter 7 bankruptcy matter was commenced by voluntary petition on October 17, 2013 by debtors Michael and Maria Aksman ("Debtors"). On October 18, 2013, creditors were notified of the filing. The notice advised of a November 20, 2013 creditors meeting and further notified that the deadline for objections to the Debtors' discharge or to the dischargeability of any specific debt was January 20, 2014. Docket entry no. 9 in Case No. 13-32809. Ishin, who is a plaintiff in a lawsuit against debtor Michael Aksman,[1] was sent notice of the bankruptcy filing and of the

---

[1] The suit is pending in the Supreme Court of the State of New York, County of New York, bearing Index No. 113925/2011. Record at Exhibit 3. The suit involves claims of unpaid compensation under an employment contract.

aforementioned dates by way of his counsel in that action. Record at 29.[2] According to a November 18, 2013 letter written by Ishin's counsel, counsel allegedly received this notice on November 13, 2013. Record at 34. In the November 18 letter, directed to the Trustee, counsel advised the Trustee of the alleged late notice to Ishin, but did not specify any prejudice to Ishin as a result. Counsel did not, for example, request an adjournment of the creditors meeting or indicate Ishin wished to, but would be unable to attend. The letter went on to list numerous alleged deficiencies and issues with the Debtor's petition, and requested that the Trustee "examine the acts and conduct of the debtor to determine whether grounds exist[] for denial" of the petition. *Id.* at 34-36.

In a separate letter, counsel for Ishin wrote to the Trustee alleging that a pre-petition sale of Debtor's apartment may have been a fraudulent transfer. *Id.* at 30. This letter was also dated November 18, 2013.[3]

On November 20, 3013, the meeting of creditors was held. No creditors appeared. On December 4, 2013, the Debtor responded to the Trustee's requests at the meeting for additional information, which included Debtors' responses to all of the allegations in both of the letters from Ishin's counsel. Record at 65-68.

On January 18, 2014, two days before the deadline, Ishin moved to extend the time to object to discharge. Docket entry 31 in Case No. 13-32809. He alleged that he was not furnished with a transcript of the creditors meeting that he requested from the Trustee; and further alleged that the petition allegedly contained materially incorrect information and concealed other information. He also objected to the Trustee's

---

[2] Citations to page numbers in the record are to the page numbers found in the header generated by the Court's electronic filing system.

[3] The record is unclear whether this letter was sent contemporaneously with the other letter or if it was sent subsequently but inadvertently bore the same date.

2

abandonment of certain property and accused the Trustee of not conducting an adequate investigation into the financial affairs of the Debtors.

The bankruptcy court held a hearing on Ishin's motion on March 4, 2014. The court denied the motion, finding that cause to object to discharge does not exist when a party seeking the extension fails to pursue discovery, which includes attending the creditors meeting or requesting a 2004 examination. Tr. 6-7. The court found that "the only pursuit of discovery" by Ishin was essentially requesting that the Trustee engage in an investigation, which the court found the Trustee had done. Tr. 7. The court also found that the Trustee was not required to share all of the documents connected with her investigation with Ishin,

On March 7, 2014, an Order discharging Debtors and a final decree were entered. This appeal followed.

II. ANALYSIS

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 158(a)(1). Under Rule 8013 of the Federal Rules of Bankruptcy Procedure, a district court may "affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings."  "The proper standard of review to be applied by a district court when reviewing a ruling of a bankruptcy court is determined by the nature of the issues presented on appeal." *In re Beers*, 2009 WL 4282270, *3 (D.N.J. 2009) (quoting *Baron & Budd, P.C. v. Unsecured Asbestos Claimants Committee*, 321 B.R. 147, 157 (D.N.J. 2005). A district court reviews "the bankruptcy court's legal determinations *de novo*, its factual findings for clear error and its exercise of discretion for abuse thereof." *In re United Healthcare System, Inc.*, 396 F.3d 247, 249 (3d Cir. 2005) (quoting *In re Trans World Airlines, Inc.*, 145 F.3d 124, 130–31 (3d Cir. 1998)).

3

The question presented on this appeal is whether the bankruptcy court abused its discretion in denying Ishin's motion to extend time to object to discharge. The abuse of discretion standard is deferential, and an exercise of discretion is not lightly set aside. Generally, "an abuse of discretion exists where the [Bankruptcy C]ourt's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." *In re 15375 Memorial Corp. v. Bepco, L.P.*, 589 F.3d 605, 616 (3d Cir. 2009) (quotations and alterations omitted). The Court finds no abuse of discretion here.

Bankruptcy Rule 4004 provides that "[o]n motion of any party in interest, after notice and hearing, the court may for cause extend the time to object to discharge. Except as provided in subdivision (b)(2), the motion shall be filed before the time has expired." Bankr. R. 4004(b). When seeking relief under Rule 4004(b)(1), it is the burden of the moving party to demonstrate that cause exists. *In re Aloia*, 496 B.R. 366, 380 (Bkrtcy. E.D. Pa. 2013). Many courts have applied a strict interpretation of this rule and required a substantial showing of cause. *See In re Grillo*, 212 B.R. 744 (Bankr. E.D.N.Y. 1997) (finding that the deadlines provided for in the Federal Bankruptcy Rules "are to be interpreted strictly and in a manner consistent with the Code's policies in favor of providing a fresh start for the debtor and prompt administration of the case.") (citing *Dombroff v. Greene (In re Dombroff)*, 192 B.R. 615, 621 (S.D.N.Y.1996), which relied upon *Taylor v. Freeland & Kronz*, 938 F.2d 420 (3d Cir. 1991)).

Here, the bankruptcy court found that the movant failed to establish sufficient cause to grant the extension principally because he failed to diligently pursue discovery. Specifically, the bankruptcy court found that Ishin's efforts at discovery in the bankruptcy case primarily involved requests to the Trustee to pursue an investigation

4

rather than undertaking discovery himself. Tr. 7. The record supports the bankruptcy court's decision. For example, the record reflects that by way of the two letters dated November 18, 2013, Ishin lodged a number of accusations against the Debtors and urged the Trustee to conduct an examination of the Debtors' affairs. Record at 30, 36.

Further, Ishin did not attend the creditor's meeting. He alleged belatedly that this was a result of Debtors' failure to provide proper notice of the meeting to Ishin's home address. However, the record shows that notice was provided to Ishin's counsel. *See, e.g.*, Record at 14. Moreover, Ishin does not explain how he was prejudiced by the allegedly late notice (which was received at least a week prior to the date of the creditors meeting) and how the allegedly defective notice prevented him from attending. Further, there is no indication in the record that Ishin expressed a desire to attend prior to the meeting or requested an adjournment of the meeting.

The Court has considered the entirety of the record designated by Appellant, and cannot conclude that the bankruptcy court abused its discretion in denying Ishin's motion for an extension of time. Consequently, the Orders of the bankruptcy Court are affirmed. An appropriate Order accompanies this Opinion.

    /s/ Joel A. Pisano
    JOEL A. PISANO, U.S.D.J.

Date: December 17, 2014